HENRY, Circuit Judge,
concurring in part and concurring on other grounds in part:
I concur that perjury at a suppression hearing is covered by U.S.S.G. § 3C1.1. I also concur that we strongly prefer specific findings by the district court when it enhances a sentence. As the majority opinion clearly states, the purpose of this court’s holding in United States v. Massey, 48 F.3d 1560 (10th Cir.1995), is to make it possible for an appellate court to review district court decisions without having to, in essence, “fill in the blanks.” As the Massey court put it, the district court in that case
failed to identify or describe the statement that it concluded was perjurious as required by well-established Tenth Circuit law. Accordingly, we would have no way of reviewing the district court’s findings on the elements of perjury even if it had made such findings. Thus, we must remand for the required additional findings.
Id. at 1573.
This is precisely the problem here. If we are to affirm the district court’s finding, we must infer what the district court meant when it said that Mr. Hawthorne “lied in [his] testimony at the suppression hearing about the voluntariness of the statements that [he] made to the officers,” Opinion at 1144. After searching the record to determine the court’s meaning, I was able to find two bases on which the district court might have found that Mr. Hawthorne had lied. Neither relies on the difference between “I may want a lawyer” and “I told them I wanted a . lawyer,” *1150 which, as I explain below, is not a sufficient basis for finding perjury.
Mr. Hawthorne testified at the suppression hearing that the officers promised to get him a lawyer. Id. at 1142. This is a factual assertion, relevant to the “volun-tariness” of Mr. Hawthorne’s statements to the officers, that the district court might reasonably have considered perjurious. The only record evidence relevant to the judge’s thinking on this issue is her comment to Mr. Hawthorne’s attorney that, even if the officers did make such a promise to provide a lawyer, Mr. Hawthorne’s decision to answer questions constituted a waiver of his rights. Rec. vol. 2, at 45. This provides no indication that the judge actually believed the testimony — only that Mr. Hawthorne would not be helped even if the judge did believe it.
More broadly, I think the district court might well have believed that the entirety of the conversation, including the defendant’s post -Miranda words and actions, indicated clearly that he did not demand a lawyer. I think the court thus determined that Mr. Hawthorne’s statements at the suppression hearing were in direct conflict with his statements at the interrogation, and that these statements combined to be material and intentional misrepresentations.
The majority opinion instead finds the “lie” in the difference between the statements “I may want a lawyer” (during the interrogation) and “I told them I wanted a lawyer.” Opinion at 1148. Therefore, as I understand the majority opinion, it holds that a single finding by the judge that the defendant equivocated during the interrogation and then described his request in unequivocal terms at the suppression hearing is sufficient to support a finding of perjury.
I have some concern whether this statement is sufficient to constitute perjury, which is defined by statute as “willfully subscribing] as true any material matter which [the declarant] does not believe to be true.” 18 U.S.C. § 1621(2). It seems entirely plausible to me, however, that a non-lawyer, unfamiliar with the dictates of Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), could believe that he was not lying when testifying “I told them I wanted a lawyer” in these circumstances.
The majority opinion asserts that “when Defendant testified, he denied that he had qualified his request for a lawyer with the word ‘may.’” Opinion at 1148. In fact, Mr. Hawthorne’s testimony does not explicitly deny that he said, “I may want a lawyer.” The lawyer’s question began, “Did you use the word may or — .” Id. Mr. Hawthorne interrupted and said, “I told them I wanted a lawyer.” Id. I think it is reasonable to conclude that Mr. Hawthorne was emphasizing what he thought he had asked for, not that he was denying ever using the word “may.” By analogy, “I would like a lawyer” is not, strictly speaking, a request for a lawyer. The conditional phrasing, however, is commonly used not to mean, "I would like a lawyer under the following conditions,” but simply, “I want a lawyer.” Similarly, “I may be having a heart attack” is rather close to saying “I am having a heart attack.” In any case, these shades of difference are insufficient in my mind to constitute perjury.
The Guidelines offer the following explicit exhortation: “In applying this provision in respect to alleged false testimony or statements by the defendant, the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice.” U.S.S.G. § 3C1.1, cmt. 2. In my view, a non-lawyer *1151 could testify as Mr. Hawthorne did from confusion, mistake, or faulty memory. Hence, to affirm a perjury finding on so slim a reed runs the risk of increasing the sentence of a defendant who testifies to what he believes to be the truth. Given that § 3C1.1 is “not intended to punish a defendant for the exercise of a constitutional right,” id., this result is very troubling.
Therefore, as this case is close as to whether the court indicated with sufficient specificity Mr. Hawthorne’s perjurious statement or statements, I believe that we should have affirmed on the most noncontroversial grounds possible. In my view, the examples that I described above provide a much clearer; — and less Constitutionally problematic — basis for affirming the district court’s finding.